Hale, J.
The case of the Van Cleve Glass Co. v. John T. Wamelink and others comes into this court by appeal and is submitted upon the evidence. We have had very much trouble with the case, and the conclusions chat I announce are only the conclusions of the majority of the court.
The Van Cleve Glass Company is seeking to enforce a lien upon the premises of Wamelink who had contracted with Sweeney & Schultz,
The claim not being paid, an attempt was made to force the lien upon the property of Wamelink. At the time the Van Cleve Glass Company prepared and filed this affidavit and took the necessary steps to fasten a lien upon the premises of Wamelink, the statute of 1893 was supposed to be in force, which repealed the various sections of the statute in form now relied upon to authorize this lien. But since the lien was filed, or the proceedings taken to perfect this lien, that statute, by the supreme court, has been declared unconstitutional and void, and, as a consequence following that, the supreme court hold that these sections of the statute supposed to have been repealed by that act, were not repealed, and have all tha time been in force.
The proceedings taken to perfect this deal, were such as were authorized by the statutes of 1893, and there was no attempt in form to follow the statute then in fact existing *511 and which now exists. But it is claimed that it was sufficient to support this lien. ,'
The statute relating to the perfecting of a lien by a subcontractor, as it exists now, is quite different from the statute of 1893.
Section 3193, Revised Statutes, provides the mode in which a sub-contractor may obtain a lien upon payments thereafter to become due,or thereafter to be paid. I suppose that relates to payments that are due,and payments that are due and not paid.
Section 3191, Revised Statutes, provides and requires the owner of the building,after the itemized statement required by section 3193, Revised Statutes,has been filed by him, to. retain the future payments from the principal contractor until the sub-contracor’s claim has been adjusted and paid in the manner provided.
Section 3195, Revised Statutes, provides for filing these itemized statements with the recorder for the purpose of notifying other parties who have furnished material or performed labor upon this building,that they may come in and pro rate. And section 3198, Revised Statutes, provides for the payment of the various sub-contractors pro rata according to their claims.
Section 3199, Revised Statutes, provides that the owner after receiving these itemized statements, shall furnish the head contractor or his sub-contractor with the claim of the sub-contractor, so that he may have an opportunity of either assenting to it or disputing it and, if disputing it, sec. 3200, Revised Statutes, provides for its arbitrament and adjustment.
Section 3201, Revised Statutes, provides that after this is done, the principal contractor has five days in which to pay his sub-contractor. At the end of that five days the owner of th8 building may pay the sub-contractor all the sub-contractor claims pro rata, or if not, and it can be enforced' against him as for money had and received, then, if it is not paid after these adjustments have been made and these formalities gone through with, the sub-contractor, in addition to his remedy to enforce it for money had and received *512 against the owner, may obtain a lien upon the premises of the owner as provided in sec. 3202, Revised Statutes.
White, Johnson & McCaslin. Counsel for Plaintiffs.
Geo. A. Groot and Harold Remington, Counsel for Defendants.
Now there was no attempt to comply with these several provisions of the statute, which I have referred to, prior to section 3202, Revised Statutes. But there was an attempt to obtain a lien by a compliance substantially with section 3202, Revised Statutes, without a compliance with the former provisions of this statute and although section 3202, Revised Statutes, at the time had been in form repealed by the act of 1893.
We hold that these several provisions of the statute apply and must be pursued in perfecting a lien upon the premises of the owner of the building, whether the payment is owing and due or not at the time the lien is attempted to be fastened upon the owner of the property.
It will be noticed that the owner of the building sustains no contractual relations to the sub-contractor. His property can be subjected to a lien in favor of the sub-contractor, only as provided by the statute; and, before such lien can be perfected, the claim must be filed with the owner of the building, notice given to his contractor by the owner of the building that he may have an opportunity to contest the claim, either to arbitrate or consent to it in some way, and an opportunity given to the contractor to pay his debt when adjusted, and, if not paid by the contractor within five days after the adjustment, then it becomes the duty of the owner of the building to pay pro rata to these various lien holders.